# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH ROBINSON**
   **Petitioner-defendant,**

  v.               **Case No. 14-C-715**
                 **Criminal Case No. 98-CR-60**

**UNITED STATES OF AMERICA**
   **Respondent-plaintiff.**

## ORDER

On September 30, 1998, a jury convicted petitioner Keith Robinson of conspiracy to distribute controlled substances, 21 U.S.C. § 846;[1] operating a continuing criminal enterprise, 21 U.S.C. § 848; four counts of drug distribution, 21 U.S.C. § 841(a)(1); use of a telephone to facilitate drug distribution, 21 U.S.C. § 843(b); three counts of money laundering, 18 U.S.C. §§1956 & 1957; making false statements in the acquisition of a firearm, 18 U.S.C. § 922(a)(6); and interstate travel in aid of racketeering, 18 U.S.C. § 1952(a)(3). On January 26, 1999, Judge Curran sentenced petitioner to life in prison. The Seventh Circuit affirmed his convictions and sentence on direct appeal. United States v. Hardin, 209 F.3d 652 (7th Cir. 2000). The Supreme Court vacated and remanded for further consideration in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Robinson v. United States, 531 U.S. 1135 (2001), but on remand the Seventh Circuit again affirmed, United States v. Robinson, 39 Fed. Appx. 386 (7th Cir. 2002).

---

[1] This count was later dismissed on the government's motion.

On September 17, 2003, petitioner filed a motion to vacate under 28 U.S.C. § 2255, which Judge Curran denied on May 31, 2006. Petitioner filed a notice of appeal, but on September 8, 2006, I denied his request for a certificate of appealability ("COA"),[2] and on March 6, 2007, the Seventh Circuit likewise denied a COA.

On June 18, 2012, petitioner applied for permission to file a second or successive § 2255 motion, seeking to raise a claim under DePierre v. United States, 131 S. Ct. 2225 (2011), but on June 21, 2012, the Seventh Circuit denied his request. Robinson v. United States, No. 12-2443 (7th Cir. June 21, 2012). The Supreme Court denied certiorari on January 13, 2014. Robinson v. United States, No. 13-7482 (U.S. Jan. 13, 2014).

On June 20, 2014, petitioner filed another § 2255 motion in this court, raising four claims: (1) that he is actually/factually innocent of the 21 U.S.C. § 848 count; (2) that the district court erred in enhancing his sentence based on facts not charged in the indictment or found by the jury, Alleyne v. United States, 133 S. Ct. 2151 (2013); (3) that the court erred in its "categorical" sentencing, Descamps v. United States, 133 S. Ct. 2276 (2013); and (4) that the court erred in determining drug weight and applying an enhancement for aggravated role under the sentencing guidelines.

Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[2]The matter was re-assigned to me on Judge Curran's retirement.

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The district court must dismiss for lack of jurisdiction a second or successive § 2255 motion filed without appellate permission. <u>Curry v. United States</u>, 507 F.3d 603, 604-05 (7th Cir. 2007); <u>see also</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 152-53 (2007). Petitioner has not obtained such permission.

**THEREFORE, IT IS ORDERED** that petitioner's motion (R. 1) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge