# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH ROBINSON**
       **Petitioner-defendant,**

    v.                                 **Case No. 14-C-715**
                                               **(Criminal Case No. 98-CR-60)**

**UNITED STATES OF AMERICA**
       **Respondent-plaintiff.**

## ORDER

On July 9, 2014, I dismissed petitioner's successive § 2255 motion because he had not obtained appellate permission to file it. See 28 U.S.C. § 2255(h); Curry v. United States, 507 F.3d 603, 604-05 (7th Cir. 2007). Petitioner now moves for reconsideration. Petitioner mailed his motion for reconsideration on August 3, 2014, within 28 days of the dismissal of his § 2255 action, so I will consider it under Fed. R. Civ. P. 59(e). See Curry v. United States, 307 F.3d 664, 665-66 (7th Cir. 2002). To prevail on a Rule 59(e) motion, the moving party must clearly establish that the court committed a manifest error of law or fact, or that newly discovered evidence precluded entry of judgment. E.g., Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 770 (7th Cir. 2013).

In his motion for reconsideration, petitioner contends that he filed a motion under 28 U.S.C. § 2255(f)(3), which the court misconstrued as a successive § 2255 motion. He then argues that, under § 2255(f)(3), lower courts may determine whether decisions such as Alleyne v. United States, 133 S. Ct. 2151 (2013), upon which he relied in seeking § 2255 relief, apply retroactively to cases on collateral review. He further argues that Descamps

v. United States, 133 S. Ct. 2276 (2013), upon which he also relied, did not state a new rule but merely clarified confusion about the categorical approach for considering prior convictions.

Section 2255(f) sets forth the statute of limitations for federal collateral attacks, including several "tolling" mechanisms. It does not relieve a prisoner seeking to bring a second or successive collateral attack from also complying with the § 2255(h) gate-keeping provision.[1] Petitioner does not dispute that he filed a previous § 2255 motion, which was denied on the merits. Thus, under § 2255(h), he needs appellate permission to litigate another § 2255 action, which he has not obtained.

**THEREFORE, IT IS ORDERED** that petitioner's motion for reconsideration (R. 3) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Petitioner acknowledges that Descamps does not set forth a new rule, making § 2255(f)(3) inapplicable in any event, and the Seventh Circuit has signaled that Alleyne, like the rest of the Apprendi line, is not retroactive. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).